IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD LEE GREGORY, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-13-56-HE |
| | ) |
| | ) |
| | ) |
| ALLSTATE FIRE AND CASUALTY | ) |
| INSURANCE COMPANY a/k/a and/or d/b/a | ) |
| ALLSTATE INSURANCE COMPANY, | ) |
| a foreign corporation, | ) |
| | ) |
| Defendant. | ) |

## C O M P L A I N T

COMES NOW the Plaintiff, RICHARD LEE GREGORY, and for his cause of action against the Defendant(s), ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY a/k/a and/or d/b/a ALLSTATE INSURANCE COMPANY, a foreign corporation, (hereinafter also referred to as "Insurance Company"), alleges and states as follows:

1.     That the Plaintiff is a resident Payne County, State of Oklahoma and is a citizen of the State of Oklahoma, for all relevant periods of time. The date of the subject motor vehicle accident is September 10, 2011 and occurred in Payne County, State of Oklahoma.

Defendant, Insurance Company is a foreign corporation with its principal place of business in a state other than Oklahoma and is incorporated in a state other than the state of Oklahoma.  The Defendant, Insurance Company, did and does business in the state of Oklahoma for all relevant periods of time relative to this litigation.  A registered service agent in the State of Oklahoma for the Defendant, Insurance Company, is located in Oklahoma City, County of Oklahoma, State of Oklahoma.  The Plaintiff alleges injuries and damages in excess of Seventy-five Thousand Dollars ($75,000.00), exclusive of costs and interest for all of his causes of action against the Defendant, Insurance Company. This Court has jurisdiction and venue over these causes of action and the parties pursuant to Title 28 U.S.C. section 1332 (diversity of citizenship among the parties and amount in controversy).

2.      On or about September 19, 2011, the Plaintiff was operating a vehicle owned by his employer and being used in the course and scope of his employment with his employer, the City of Stillwater.  During the operation of the subject vehicle, the Plaintiff sustained bodily injury that was due to the acts or conduct of persons or entities other than the Plaintiff. Those other persons or entities are either unidentified or deemed by operation of law to be uninsured.  The Plaintiff sustained bodily injuries and damages as a result of the subject incident or accident while operating the vehicle of his employer during the course and scope of his employment.

3.      At the time of the subject incident or accident the Defendant, Insurance Company, had in full force and effect a policy of insurance for a vehicle or vehicles owned by the Plaintiff (and/or Plaintiff and his wife), and that said policy of insurance contained

2

endorsement coverages for uninsured/underinsured motorists coverages (hereinafter also referred to as "UIM").

4.      That prior to the filing of this lawsuit, Plaintiff, Mr. Gregory had attempted to resolve his bodily injury claim for the UIM coverages afforded with the Defendant, Insurance Company but the Defendant, Insurance Company refused to resolve the claim of the Plaintiff, Mr. Gregory stating that Plaintiff did not have UIM coverages afforded by the Defendant, Insurance Company.  Plaintiff has/had submitted a proper and timely UIM claim to the Defendant, Insurance Company but the Defendant, Insurance Company denied Plaintiff's claim for UIM benefits and in support of the denial produced a document that Defendant, Insurance Company asserted was a valid UIM election form whereby the Plaintiff rejected and declined UIM coverages for the Plaintiff under the subject policy.  The UIM rejection form relied upon by the Defendant, Insurance Company, is obviously either a terrible mistake or a fraud being put forth by the Defendant, Insurance Company.  The UIM rejection form produced and relied upon by the Defendant, Insurance Company to deny the Plaintiff UIM benefits is not signed by either Plaintiff or his wife (the two named insured persons in the policy) nor is the rejection form for any vehicle owned by the Plaintiff (or his wife) and which the Defendant, Insurance Company issued a policy to the Plaintiff (or his wife).

5.      The Plaintiff alleges that the cause of his injuries and damages are due to the negligent acts and/or conduct and/or omissions of third parties, and without any negligence

on the part of the Plaintiff contributing thereto.  Plaintiff alleges further that said third parties are deemed by law to be uninsured or unidentified.

6.      As a result of the acts and/or conduct and/or omissions of said uninsured third party(ies), the Plaintiff has sustained serious, severe, permanent, and progressive bodily injuries. Plaintiff has incurred and will incur in the future reasonable and necessary medical care, treatment, and expense for the injuries sustained in the subject collision; the Plaintiff has sustained physical and emotional pain and suffering in the past, present, and will suffer same in the future; the Plaintiff has realized and will realize in the future loss of enjoyment of life as a result of the injuries and damages sustained in the subject collision, and all of this to his damage in a sum in excess of Seventy-five Thousand Dollars ($75,000.00), exclusive of costs and interest.

7.      On the date of the subject incident/accident, the Plaintiff was a member of the household which was insured by the Defendant, Insurance Company, with a policy or policies of automobile insurance coverages issued by the Defendant, Insurance Company, same being in full force and effect on the date of the subject incident/accident, whereby the Plaintiff was entitled to all applicable benefits under said insurance coverages. Further, that said policy or policies of insurance above mentioned, contained endorsements for UIM coverages, and that said coverages afforded UIM benefits to the Plaintiff for injuries and damages sustained in the subject motor vehicle incident/accident.

8.     The Plaintiff alleges and asserts that pursuant to the applicable law in the State of Oklahoma, the Insurance Company's UIM coverages are "primary" to the extent that Plaintiff, Mr. Gregory is entitled, per his election, to receive the benefits of said UIM coverages from the Defendant, Insurance Company.  Plaintiff has attempted to that very thing by requesting and making a claim for payment of UIM benefits, but the Defendant, Insurance Company continues to deny and refuse to make payment to Plaintiff, Rick Gregory, for his bodily injuries and damages.  Thus Plaintiff has been forced to file this litigation.

9.     The Plaintiff timely and properly placed Defendant, Insurance Company on notice of the subject incident/accident and claim for bodily injuries pursuant to applicable coverages.  The Plaintiff has cooperated fully with the Defendant, Insurance Company, in its investigation and alleged evaluation of Plaintiff's claims for UIM benefits for bodily injuries under applicable UIM coverages issued by the Defendant, Insurance Company, and in favor of the Plaintiff for bodily injuries and damages sustained in the subject motor vehicle incident/accident.  Plaintiff is entitled to the benefits under the contract of insurance issued by the Defendant, Insurance Company.  Defendant, Insurance Company is obligated to pay UIM benefits to Plaintiff as referenced herein.

10.     As a result of the acts and/or conduct and/or omissions of the Defendant, Insurance Company, in failing to properly evaluate and/or unfairly denying payment of applicable UIM benefits to the Plaintiff for injuries sustained in the subject motor vehicle incident/accident; the Plaintiff has realized damages by way of bad faith pursuant to the

Insurance Company's failures, denials or refusals relative to the applicable provisions or endorsements UIM under the subject insurance policy.  In light of the serious inadequacies of the investigation into matters of Plaintiff's UIM claim, Defendant, Insurance Company, demonstrates that it did not have a good faith belief that the Plaintiff was entitled to UIM benefits.  Defendant, Insurance Company, had a duty to conduct an appropriate investigation of the UIM claim under Oklahoma law.  Defendant, Insurance Company's duty to deal fairly and in good faith with its insured, Plaintiff--Rick Gregory, is a non-delegable duty and Defendant, Insurance Company cannot delegate its responsibility.  As a direct result of the bad faith of the Defendant, Insurance Company, the Plaintiff, Rick Gregory has incurred mental pain and suffering, embarrassment, unnecessary worry and anguish, unnecessary time and efforts in litigation to secure his UIM benefits. Plaintiff therefore seeks and is entitled to damages from Defendant, Insurance Company, for Defendant's/Insurance Company's bad faith conduct and/or acts and/or omissions in a sum in excess of Seventy-five Thousand Dollars ($75,000.00) as bad faith damages, exclusive of costs and interest. Further, due to Defendant's, Insurance Company's, wanton, reckless, fraudulent or indifferent attitude or conduct in dealing with Plaintiff in regard to his UIM claim, Plaintiff further seeks and is entitled to an award of punitive damages as against the Defendant, Insurance Company, for a sum in excess of Seventy-five Thousand Dollars ($75,000.00), exclusive of costs and interest.

WHEREFORE, the Plaintiff, Richard Lee Gregory, prays for judgment on his causes of action in favor of the Plaintiff, Richard Lee Gregory, and against the Defendant, Allstate Fire and Casualty Insurance Company a/k/a and/or d/b/a Allstate Insurance

Company, a foreign corporation, for a sum in excess of Seventy-five Thousand Dollars ($75,000.00) actual damages, exclusive of costs and interest, and together with costs and interest; and for an award of damages for bad faith in favor of Plaintiff, Rick Gregory, and against the Defendant, Allstate Fire and Casualty Insurance Company a/k/a and/or d/b/a Allstate Insurance Company, a foreign corporation, in a sum in excess of Seventy-five Thousand Dollars ($75,000.00) as damages for bad faith, exclusive of costs and interest, and together with costs and interest; and for an award of punitive damages in favor of the Plaintiff, Rick Gregory and against the Defendant, Allstate Fire and Casualty Insurance Company a/k/a and/or d/b/a Allstate Insurance Company, a foreign corporation, in a sum in excess of Seventy-five Thousand Dollars ($75,000.00) as punitive damages, exclusive of costs and interest, together with costs and interest; and for all other and further relief this Court deems just and proper.

/s/ Thomas J. Steece
THOMAS J. STEECE, OBA #11531
OKLAHOMA LEGAL SERVICES, P.L.L.C.
12313 Hidden Forest Blvd.
Oklahoma City, OK  73142
Telephone: (405) 943-8300
Facsimile:  (405) 603-7112
E-mail: tsteece@coxinet.net
ATTORNEYS FOR PLAINTIFF

Jury Trial Requested
ATTORNEY LIEN CLAIMED